IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

LOUIS E. JOHNSON,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.                                              No. 13-cv-00237-DRH

MEMORANDUM AND ORDER

HERNDON, Chief Judge:

### I.   Introduction and Background

Pending now before the Court is Johnson's 28 U.S.C. § 2255 petition to vacate, set aside or correct sentence (Doc. 1). Also pending before the Court is Johnson's motion to conduct limited discovery (Doc. 3) and Johnson's motion for an evidentiary hearing and to appoint counsel (Doc. 4). The government opposes all the motions (Doc. 7). Johnson filed a reply (Doc. 11). Based on the record and the applicable law, the Court **DENIES** all the motions.

On September 22, 2010, a federal grand jury indicted Johnson on one count of possession of a firearm by an unlawful user of a controlled substance and one count of possession of an unregistered firearm. On January 26, 2011, Johnson was arraigned and released on a $10,000 unsecured bond. Subsequently, on February 12, 2011, Johnson's counsel filed a motion to suppress the evidence of the firearms. On March 21, 2011, at a bond revocation hearing, defendant's bond was revoked after Probation found a controlled

substance in Johnson's residence during a visit. Following two continuances that defendant requested, the Court held the suppression hearing on May 11, 2011. After considering all the evidence and both parties' arguments, the Court denied defendant's motion to suppress.

Following the Court's denial of his suppression motion, Johnson entered a plea of guilty on May 25, 2011. At his sentencing hearing on September 16, 2011, the Court sentenced Johnson to 78 months' imprisonment. Johnson timely filed a notice of appeal on September 20, 2011. Johnson's counsel filed an *Anders* brief,[1] asserting there were no non-frivolous issues to raise on appeal. In the brief, counsel raised three issues to examine whether a non-frivolous argument could be made that might offer relief to petitioner: (1) whether Johnson could make a non-frivolous argument to appeal the denial of his motion to suppress, despite his unconditional guilty plea; (2) whether Johnson could make any non-frivolous arguments concerning the denial of his motion to suppress; and (3) whether Johnson could make a non-frivolous argument that his sentence was unreasonable when the Court imposed a sentence at the low end of the guidelines, took into consideration petitioner's advanced age, but found him to be a habitual offender.

Johnson filed a response to his counsel's *Anders* brief arguing there were non-frivolous issues he could raise, specifically that the district court improperly

---

[1] Based on *Anders v. California*, 386 U.S. 738 (1967), required before counsel can be permitted to withdraw if he or she believes there are no non-frivolous issues to be raised on appeal.

conducted internet research on life expectancy relating to petitioner. The Seventh Circuit granted counsel's motion to withdraw and dismissed Johnson's appeal.

On March 11, 2013, Johnson filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 1) and a memorandum in support (Doc. 2). In his motion, Johnson claimed three grounds of ineffective assistance of counsel: (1) because his counsel did not provide the Court localized life expectancy data at Johnson's sentencing hearing; 2) his guilty plea was rendered involuntary due to his counsel's ineffectiveness; and (3) his counsel failed to raise on appeal the issue of the Court's use of the internet during the sentencing hearing. On May 23, 2013, the United States filed its response to Johnson's petition and motions (Doc. 7).

## II.   Standard

The Court must grant a § 2255 motion when a defendant's "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255. More precisely, "[r]elief under § 2255 is available only for errors of constitutional or jurisdictional magnitude, or where the error represents a fundamental defect which inherently results in a complete miscarriage of justice." *Kelly v. United States,* 29 F.3d 1107, 1112 (7th Cir. 1994) (quotations omitted). As a result, "[h]abeas corpus relief under 28 U.S.C. § 2255 is reserved for extraordinary situations." *Prewitt v. United States,* 83 F.3d 812, 816 (7th Cir. 1996); *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007).

However, a § 2255 motion does not substitute for a direct appeal. A

defendant cannot raise constitutional issues that he could have but did not directly appeal unless he shows good cause for and actual prejudice from his failure to raise them on appeal or unless failure to consider the claim would result in a fundamental miscarriage of justice. *Bousley v. United States,* 523 U.S. 614, 622 (1998); *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977); *Fountain v. United States,* 211 F.3d 429, 433 (7th Cir. 2000); *Prewitt,* 83 F.3d at 816. Meanwhile, a § 2255 motion cannot pursue non-constitutional issues that were not raised on direct appeal regardless of cause and prejudice. *Lanier v. United States,* 220 F.3d 833, 842 (7th Cir. 2000). The only way such issues could be heard in the § 2255 context is if the alleged error of law represents "a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio,* 442 U.S. 178, 185 (1979).

The failure to hear a claim for ineffective assistance of counsel in a § 2255 motion is generally considered to work a fundamental miscarriage of justice because often such claims can be heard in no other forum. They are rarely appropriate for direct review since they often turn on events not contained in the record of a criminal proceeding. *Massaro v. United States,* 538 U.S. 500, 504-05 (2003); *Fountain,* 211 F.3d at 433-34. Further, the district court before which the original criminal trial occurred, not an appellate court, is in the best position to initially make the determination about the effectiveness of counsel in a particular trial and potential prejudice that stemmed from that performance. *Massaro,* 538 U.S. at 504-05. For these reasons, ineffective assistance of counsel

claims, regardless of their substance, may be raised for the first time in a § 2255 petition.

### III. Analysis

**Life Expectancy Data**

Petitioner claims in his first ground that his counsel was ineffective for failing to provide the Court localized life expectancy data at Johnson's sentencing hearing. Johnson argues that his attorney should have introduced and provided the Court with evidence of the life expectancy of a "70-year-old African-American male from East St. Louis, who was a long-time narcotics abuser, and who was from a family with a history of cancer and heart disease . . . " for the Court's consideration in determining whether a sentence in the guideline range would be a de facto life sentence.

The Sixth Amendment to the Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his defense." U.S. Const. amend. VI. This right to assistance of counsel encompasses the right to *effective* assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771 n. 14 (1970). A party claiming ineffective assistance of counsel bears the burden of showing (1) that his trial counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 688-94 (1984); *Fountain v. United States*, 211 F.3d 429, 434 (7th Cir. 2000). Either *Strickland* prong may be analyzed first; if that prong is not

met, it will prove fatal to plaintiff's claim. *Strickland,* 466 U.S. at 697; *Ebbole v. United States,* 8 F.3d 530, 533 (7th Cir. 1993).

Regarding the first prong of the *Strickland* test, counsel's performance must be evaluated keeping in mind that an attorney's trial strategies are a matter of professional judgment and often turn on facts not contained in the trial record. *Strickland,* 466 U.S. at 689. The petitioner's burden is heavy because the *Strickland* test is "highly deferential to counsel, presuming reasonable judgment and declining to second guess strategic choices." *United States v. Shukri*, 207 F.3d 412, 418 (7th Cir. 2000) (quotations omitted). In other words, the Court must not become a "Monday morning quarterback." *Harris v. Reed,* 894 F.2d 871, 877 (7th Cir. 1990). With regard to the second prong of *Strickland,* the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Fountain*, 211 F.3d at 434; *Adams v. Bertrand*, 453 F.3d 428, 435 (7th Cir. 2006). "A reasonable probability is defined as one that is sufficient to undermine confidence in an outcome." *Adams,* 453 F.3d at 435 (citing *Strickland,* 466 U.S. at 694).

Johnson argues that his counsel's failure to provide a life expectancy table specific to his exact situation "forced the Court to seek out and determine [his] life expectancy based upon national actuarial data that the Court, by its own admission, did not understand." Johnson claims that "this failure ultimately led

this Court and the Court of Appeals to determine that a sentence of 78 months was not a de facto life sentence based upon national averages."

However, the Court of Appeals noted in its opinion, that the issue of Johnson's life expectancy was discussed "at length" by this Court at his sentencing hearing. The Court of Appeals discussed the uncertainty of any life expectancy table, noting that even "the most refined statistical calculation of [Johnson's] life expectancy will leave considerable residual uncertainty." Ultimately, however, the Court of Appeals determined that this Court's decision not to give a below-guidelines sentence despite the defendant's age, and the fact that his attorney had argued for a shorter sentence, was not error and the sentence was not a de facto life sentence. Moreover, Johnson has failed to show any prejudice by his counsel's failure to provide a more specific life expectancy table to the Court since he has failed to demonstrate that the outcome of his sentencing would have been any different but for counsel's inaction. *See Strickland*, 466 U.S. at 694.

Further, Johnson's counsel, in his *Anders* brief, noted that this Court paid attention to defendant's age in relation to his life expectancy, but finally determined that defendant's criminal history did not warrant a below-guidelines sentence. Although Johnson conjectures that a more specific life expectancy table would show him to have a lower than average life expectancy, which might render his sentence a de facto life sentence, he fails to provide any evidence of his hypothesis. Thus, Johnson's claim is without merit.

**Johnson's Guilty Plea**

Johnson next argues that his guilty plea was not voluntary because his counsel failed to explain to him that he was waiving his right to appeal the suppression hearing by entering an open guilty plea. He claims that had he known that, "he would have never agreed to an unconditional guilty plea, and would have rather insisted on pleading guilty to a conditional plea agreement." However, Johnson provides no evidence that the government offered or would have offered him a conditional plea agreement. Furthermore, by defendant not agreeing to a conditional plea agreement, had one been offered to him, defendant's counsel was able to argue for a lower than guidelines sentence, based on defendant's advanced age. Simply because this Court was not persuaded by Johnson's counsel to sentence Johnson to a lower than guideline-range sentence, does not make counsel's actions rise to the level of ineffective assistance of counsel under the test. *See Strickland*, 466 U.S. at 694. Johnson's argument that the outcome of his plea process would have been different is merely speculative and not based on any evidence before this Court.

**Court's Internet Usage**

Johnson's final claim of ineffective assistance of counsel is that his attorney did not raise the issue on appeal of this Court using the internet during sentencing. This claim is also without merit. In the *Anders* brief that Johnson's counsel filed with the Court of Appeals, he conceded that Johnson's sentence was reasonable. This Court sentenced Johnson to the lowest end of the guideline

range. Johnson raised this issue in his response to the *Anders* brief. However, he failed to demonstrate that he was prejudiced within the *Strickland* meaning. Johnson would have to show that had his attorney raised this issue on appeal, there is a reasonable probability that the result of his appeal would have been different. *See Strickland*, 466 U.S. at 694. Johnson failed to offer any evidence that the Court of Appeals would not have allowed Johnson's attorney to withdraw if he had raised this issue on appeal. In fact, the Court of Appeals refers to internet sources regarding life expectancy in its opinion. In its discussion, the Court of Appeals references the Census Bureau's life expectancy table, which was one of the same tables this Court used during sentencing. After a lengthy discussion of the meaning and use of life expectancy tables, the Court of Appeals concluded that, in this case, "the defendant's age and physical condition do not make his sentence a de facto life sentence." Thus, it is clear that the outcome of Johnson's appeal would not have been any different if his attorney had raised the issue of this Court's use of the internet to research life expectancy tables during the sentencing hearing.

**Motion To Conduct Limited Discovery**

In this motion, Johnson seeks this Court's permission to retain an actuarial scientist from Northwestern University to provide the Court with a life expectancy table that would correspond more specifically to defendant's family history and lifestyle characteristics. However, Johnson fails to provide the Court with any

evidence that this would demonstrate his sentence was de facto, a life sentence. Therefore, the Court **DENIES** this motion.

**Motion For An Evidentiary Hearing and To Appoint Counsel**

A district judge is not required to grant an evidentiary hearing in a § 2255 case when "the record standing alone conclusively demonstrates that a petitioner is entitled to no relief." *Daniels v. United States*, 52 F.3d 290, 293 (7th Cir. 1995) (citing *Humphrey v. United States*, 896 F.2d 1066, 1070 (7th Cir. 1990)). If it appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion for an evidentiary hearing. *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007).

Here, petitioner has not demonstrated that he is entitled to any relief. His claims are speculative at best, and show no specific factual allegations that would, if proven, entitle him to relief. *See Hutchings v. United States*, 618 F.3d 693, 699-700 (7th Cir. 2010). Therefore, the Court **DENIES** Johnson's motion for an evidentiary hearing.

As to Johnson's request for appointment of counsel, there is no constitutional right to counsel in a § 2255 civil proceeding. *Oliver v. United States*, 961 F.3d 1339, 1343 (7th Cir. 1992). Only if an evidentiary hearing is required is a petitioner entitled to appointment of counsel. *Id.* Otherwise it is within the Court's discretion to appoint counsel. *Id.*

Here, the Court finds no merit in Johnson's claims, and notes that Johnson adequately presented his claim to this Court. Additionally, the record, standing alone, does not show that petitioner is entitled to relief. Thus, the Court **DENIES** petitioner's motion to appoint counsel.

### IV. Conclusion

For the reasons stated above, the Court finds there are no errors of constitutional or jurisdictional magnitude in petitioner's case, or that any error represents a fundamental defect which inherently resulted in a complete miscarriage of justice. Accordingly, the Court **DENIES** petitioner's § 2255 petition to vacate, set aside or correct sentence (Doc. 1). The Court **DISMISSES with prejudice** this cause of action. The Court **ORDERS** the Clerk of the Court to enter judgment reflecting the same. The Court also **DENIES** Johnson's motion to conduct limited discovery (Doc. 3) and **DENIES** Johnson's motion for an evidentiary hearing and to appoint counsel (Doc. 4). Further, the Court **DECLINES** to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed this 5th day of August, 2013.

David R. Herndon
2013.08.05
16:48:42
-05'00'

**Chief Judge**
**United States District Court**